# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 20, 2010

Lyle W. Cayce
Clerk

No. 09-10387
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

WILLIE D. SMITH,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:91-CR-47-1

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Willie D. Smith, federal prisoner # 59847-079, filed a motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 706 to the United States Sentencing Guidelines. The district court found that Amendment 706 would not affect Smith's sentence because he had been sentenced as a career offender pursuant to U.S.S.G. § 4B1.4(b). It also denied leave to proceed in forma pauperis (IFP) on appeal, certifying that Smith's appeal was not taken in good faith. By moving this court for leave to proceed

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

IFP on appeal, Smith is challenging the district court's certification that his appeal was not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Smith also has moved for appointment of counsel.

Section 3582(c)(2) permits the discretionary modification of a defendant's sentence in certain cases where the sentencing range has been subsequently lowered by the Sentencing Commission. *United States v. Doublin,* 572 F.3d 235, 237 (5th Cir.), *cert. denied*, 130 S. Ct. 517 (2009)). A defendant is eligible for a reduction under § 3582(c)(2) only if the amendment has the effect of lowering the applicable guideline range. U.S.S.G. § 1B1.10, comment. (n.1A). Because the record demonstrates that Smith was sentenced as an armed career criminal under § 4B1.4, the district court correctly concluded that Amendment 706 would not lower the applicable guideline range.

Smith also argues that, in light of *United States v. Booker,* 543 U.S. 220 (2005), § 1B1.10 is no longer mandatory. This argument is without merit. *See Doublin,* 572 F. 3d at 238; *Dillon v. United States,* 130 S. Ct. 2683, 2692 (2010). Smith's remaining arguments are not considered as they are a challenge to his sentence as it was originally imposed. *United States v. Whitebird,* 55 F.3d 1007, 1011 (5th Cir. 1995); *United States v. Evans,* 587 F.3d 667, 674 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 3462 (2010).

Therefore, Smith has not shown that his appeal presents a nonfrivolous issue. Accordingly, his request for IFP is DENIED. *See Baugh*, 117 F.3d at 202 n.24. His request for appointment of counsel also is DENIED. Because his appeal is frivolous, it is DISMISSED. 5TH CIR. R. 42.2.